The Honorable Steve Higginbothom State Senator P.O. Box 242 Marianna, AR 72360
Dear Senator Higginbothom:
You have presented the following question for my opinion:
 Can city police require payment of a $105.00 fee before a complaint can be filed with the courts?
It is my understanding that your question refers to a fee charged by the city police of Wynne, Arkansas, for citizens to file affidavits of complaint with the police. It is my further understanding that this fee is not charged to indigent complainants, and that if the prosecutor does not pursue the complaint, the complainant receives a refund of the fee. The fee is treated as court costs in all other cases.
Response
It is my opinion that the fee that you have described is impermissible.
Act 1256 of 1995 implemented a system of uniform filing fees and court costs. The General Assembly stated the intent underlying Act 1256 as follows:
 (a) It is hereby found by the General Assembly that the current system of funding the state judicial system has created inequity in the level of judicial services available to the citizens of the state. It is further determined that the current method of financing the state judicial system has become so complex as to make the administration of the system impossible. Finally, it is determined that the lack of any reliable data on the current cost of the state judicial system prohibits any comprehensive change in the funding of the system at this time.
 (b) It is, therefore, the intent of this act to eliminate the current system of collecting and assessing a large number of individual court costs and filing fees, to replace it with uniform costs and fees to be applied statewide, and to prohibit the implementation of new costs and fees for specific programs in the future.
Acts 1995, No. 1256, § 1 (A.C.A. § 16-10-301.
In accordance with the above-stated intent, Act 1256 established all permissible filing fees and court costs. See, e.g., A.C.A. § 16-10-303
($25.00 fee for initiating civil action in city or police courts); A.C.A. § 16-10-305 (listing court costs to be imposed in criminal cases for various offenses); A.C.A. § 21-6-403 ($100.00 fee for initiating cause of action in circuit and chancery courts). The Act also provided that prosecuting attorneys are exempt from filing fees. A.C.A. §16-10-304. Finally, with regard to court costs imposed in criminal cases, Act 1256 stated:
 (d) No municipality or county shall authorize and no police court, city court, municipal court, or circuit court shall assess or collect any other court costs other than those authorized by this act, unless specifically provided by state law.
A.C.A. § 16-10-305(d). The Act made similar statements with regard to the authorized filing fees. See, e.g., A.C.A. §§ 16-10-303; 21-6-403(f).
No charge such as the one you have described is included among the various filing fees and court costs that are authorized by Act 1256 of 1995. Moreover, no such charge is "specifically provided by state law."[1]
Accordingly, I must conclude that a charge of this nature is prohibited by Act 1256 of 1995.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] An example of the type of charge referenced by the phrase "unless specifically provided by state law" in A.C.A. § 16-10-305(d) would be the various charges that sheriffs are authorized to levy in A.C.A. §21-6-307.